UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE FARMER,

                        Petitioner,

     - *against* -

JOHN COLVIN,

                        Respondent.

17 Civ. 1091 (KMK)(PED)

ORDER

**PAUL E. DAVISON, U.S.M.J.:**

    On September 22, 2017, Petitioner Tyrone Farmer, acting *pro se*, filed a motion requesting that this action be stayed and to grant him leave to file a Section 440.10 motion to vacate his original conviction to exhaust his state court remedies. [Dkt. 27.] By Order dated November 20, 2017, I denied the motion on the basis that Petitioner had failed to demonstrate good cause for his failure to exhaust. [Dkt. 32.] Petitioner requested additional time to file an objection to my November 20 Order, which I granted, and Petitioner had leave to file an objection through October 5, 2018. [Dkt. 37.]

    Petitioner filed a letter dated September 28, 2018 once again asking to stay this action, because he was "waiting on a decision from the Appellate Division Second Department." [Dkt. 40.] He asked that his letter be construed, "as a motion for an 'Extension of Time.'" *Id.* Petition filed no other documents in response to my November 20 Order and offered no further explanation as to why he objects to the November 20 Order.

    I explained in the November 20 Order that district courts ordinarily have authority to issue stays of *habeas* petitions, but that discretion is circumscribed by AEDPA. *See Rhines v. Weber*, 544 U.S. 269 (2005). Specifically, the Supreme Court cautioned that frequent stays may frustrate the twin purposes of AEDPA, namely to encourage finality and to streamline federal

habeas proceedings by incentivizing petitioners to seek relief from state courts in the first instance. *Id.* at 277. I adopt the same reasoning today.

Allowing Petitioner to stay these proceedings would constitute an abuse of discretion under *Rhines*, and Petitioner fails to show good cause to grant an additional stay. Petitioner had the opportunity to submit additional evidence supporting his request for a stay but has not done so. This matter has been fully brief and is ripe for consideration.

Accordingly, Petitioner's request for a further stay of these proceedings is **DENIED**. This matter is deemed fully submitted.

Dated: November 2, 2020
      White Plains, New York

SO-ORDERED

Paul E. Davison
United States Magistrate Judge